IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KIRK ROBINSON,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>CORDONIER, Unit Manager; DEVRIES, Case Manager; and ROBERT MADSEN, Deputy Director;<br><br>　　　　　Defendants. | 8:23CV535<br><br>MEMORANDUM AND ORDER |

　　　　Plaintiff Kirk Robinson, an inmate confined in the Reception and Treatment Center ("RTC") in the custody of the Nebraska Department of Correctional Services ("NDCS"),[1] filed a Complaint, Filing 1, and has been given leave to proceed in forma pauperis. Filing 9. The Court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

## I. SUMMARY OF COMPLAINT

　　　　Plaintiff sues two RTC employees—Unit Manager Cordonier ("Cordonier") and Case Manager Devries ("Devries")—and NDCS Deputy Director Robert Madsen ("Madsen") in their individual capacities for alleged Eighth Amendment violations. Filing 1 at 2–3. Plaintiff alleges that in late July to August of 2023, he asked to transfer to another unit to be separated from inmates who had robbed Plaintiff and the employees who had allowed him to be robbed. Plaintiff had a medical pass for a bottom bunk bed, but he had to take a top bunk in order to move. The RTC

---

[1] Plaintiff's address on the docket sheet is listed as the Tecumseh State Correctional Institution pursuant to a notice of change of address filed on October 31, 2024. Filing 10. However, pursuant to a filing in one of his other cases on August 11, 2025, Plaintiff indicated he is currently confined in the RTC, and the NDCS' online inmate records confirm that. *See* Filing No. 59, Case No. 8:22CV151; https://dcs-inmatesearch.ne.gov/Corrections/COR_input.jsp (last visited Nov. 13, 2025).

"facility then interpreted [Plaintiff's] move as giving up [his] pass," but Plaintiff signed no documents to that effect and requested a new lower bunk pass, which medical staff issued on September 19, 2023. Filing 1 at 5, 14. At the time Plaintiff filed his Complaint on December 4, 2023, he was "still on a top bunk." Filing 1 at 5.

Plaintiff wrote two Inmate Interview Requests ("IIR") to Cordonier regarding his placement in a bottom bunk pursuant to his medical pass, but Cordonier did not respond to either IIR. Filing 1 at 8. Plaintiff gave Cordonier a copy of his bottom bunk pass to file, and when Plaintiff tried talking to Cordonier about it, "he insulted [Plaintiff] by telling [Plaintiff,] 'it's a grown man's job to try and find a bottom bunk.'" Filing 1 at 17. Plaintiff filed a grievance with the NDCS Central Office using the "grievance of a sensitive nature process" on or about November 6, 2023, complaining of Cordonier's refusal to do his job and honor Plaintiff's bottom bunk pass. Filing 1 at 7, 17. On November 22, 2025, Madsen returned Plaintiff's grievance unanswered stating,

> In accordance with Nebraska Administrative Code, Title 68, Chapter 2. 004.03 "If the Director or designee determines that the grievance is not of a sensitive nature, the grievance shall be returned to the inmate."
>
> You have not demonstrated how this is of a sensitive nature that cannot be addressed through the regular grievance process. . . .
>
> You are encouraged to utilize and become more familiar with the regular (non-emergency) grievance process.

Filing 1 at 16 (emphasis omitted).

Plaintiff alleges he is unable to use his C-PAP medical device "for snoring" while in a top bunk. Filing 1 at 5. Plaintiff refers to another case he filed in this Court in which he alleged his snoring was a result of his obstructive sleep apnea. See *Robinson v. Nebraska*, No. 8:22CV151, 2022 WL 4096900, at *1 (D. Neb. Sept. 7, 2022). Plaintiff states he also has "Atrial Fibrillation

2

(A-Fib) and blood clot issues" and "should be on a bottom bunk" because "[i]t is difficult for [him] to sleep." Filing 1 at 5 (spelling corrected). Plaintiff appears to allege that if he is not given a bottom bunk, he "will have no choice but to refuse housing which will put me in a restrictive housing unit limiting my access to the legal library and legal supplies. It's also aggravating [his] PTSD[.]" Filing 1 at 5. Plaintiff seeks $25,000,000 in punitive damages as relief. Filing 1 at 5.

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser

3

pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

### III. DISCUSSION

Liberally construed, Plaintiff here alleges violations of his Eighth Amendment rights under 42 U.S.C. § 1983. To state a section 1983 claim, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). For the reasons that follow, Plaintiff fails to state a claim for relief against Devries or Madsen, but Plaintiff's Eighth Amendment deliberate indifference claim will be allowed to proceed against Cordonier.

**A. Claim against Devries**

Plaintiff names Devries as a defendant in this matter, but he makes no allegations against Devries anywhere in the body of his Complaint. For example, he does not allege that Devries was personally involved in the alleged constitutional violation or that he had any personal involvement whatsoever in Plaintiff's initial or continued placement in a top bunk. As a result, Plaintiff has failed to state a claim upon which relief can be granted against Devries, and Devries will be dismissed from this action. *See Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003) (holding court properly dismissed claims against defendants where pro se complaint was silent as to the defendants except for their names appearing in the caption).

**B. Claim Against Madsen**

As to Madsen, Plaintiff's Complaint and the documents attached thereto indicate only that Madsen received Plaintiff's grievance regarding RTC staff's and Cordonier's failure to honor his

bottom bunk pass and declined to respond to the grievance because Plaintiff failed to comply with established NDCS grievance procedures. However, Plaintiff's allegations regarding the denial or lack of response to his inmate grievance fail to state a claim for relief under § 1983. *See Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (holding that inmates have no "liberty interest" in the processing of their grievances, such as would support § 1983 claim for prison officials' failure to pick up inmate's completed grievance forms or investigate inmate's grievances); *see also Dan v. Douglas Cnty.*, No. 8:18CV31, 2018 WL 3609539, at *4 (D. Neb. July 27, 2018) ("Plaintiff's mere dissatisfaction with the . . . Defendants' responses to or consideration of his grievances does not implicate the deprivation of any constitutional right."); *Cain v. Norris*, No. 5:05CV00282, 2005 WL 3006843, at. *3 (E.D. Ark. Oct. 19, 2005) ("Failing to rule on Plaintiff's behalf is simply not a constitutional violation in the absence of other allegations or evidence."), *aff'd*, 193 F. App'x 642 (8th Cir. 2006). Accordingly, the Court will dismiss Plaintiff's claim against Madsen for failure to state a claim for relief.

## C. Claim Against Cordonier

Liberally construed, Plaintiff claims that Cordonier subjected him to cruel and unusual punishment in violation of the Eighth Amendment because he was deliberately indifferent to Plaintiff's serious medical needs when he refused to honor Plaintiff's lower bunk pass after the time it was issued on September 19, 2023, up to, at least, the filing of the Complaint on December 4, 2023.

"It is well established that the Eighth Amendment prohibition on cruel and unusual punishment extends to protect prisoners from deliberate indifference to serious medical needs." *Gregoire v. Class*, 236 F.3d 413, 417 (8th Cir. 2000) (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). To prove a deliberate indifference claim, Plaintiff must show that (1) he suffered from an

objectively serious medical need, and (2) Cordonier knew of the need, yet deliberately disregarded it. *Johnson v. Leonard*, 929 F.3d 569, 575 (8th Cir. 2019). "A medical need is objectively serious if it is supported by medical evidence, such as a physician's diagnosis, or is 'so obvious that even a layperson would easily recognize the necessity for a doctor's attention.'" *Bailey v. Feltmann*, 810 F.3d 589, 594 (8th Cir. 2016) (quoting *McRaven v. Sanders*, 577 F.3d 974, 982 (8th Cir. 2009)). Deliberate indifference requires a showing that the defendant "'had actual knowledge of that need but deliberately disregarded it.'" *Ryan v. Armstrong*, 850 F.3d 419, 425 (8th Cir. 2017) (quoting *Bailey*, 810 F.3d at 594).

> Deliberate indifference is equivalent to criminal-law recklessness, which is more blameworthy than negligence, yet less blameworthy than purposefully causing or knowingly bringing about a substantial risk of serious harm to the inmate. An obvious risk of harm justifies an inference that a prison official subjectively disregarded a substantial risk of serious harm to the inmate. Deliberate indifference must be measured by the official's knowledge at the time in question, not by hindsight's perfect vision.

*Schaub v. Vonwald*, 638 F.3d 905, 914-15 (8th Cir. 2011) (internal quotations and citations omitted).

Here, the Court assumes for purposes of this initial review that Plaintiff's use of a C-PAP medical device to address his difficulty sleeping and his snoring issues related to obstructive sleep apnea, for which he received a medically-issued bottom bunk pass, constitutes a serious medical need. Plaintiff alleges Cordonier knew of his bottom bunk medical pass for the use of his C-PAP machine, that it was Cordonier's "job" to find Plaintiff a bottom bunk, but that Cordonier refused to do so, resulting in Plaintiff being unable to use his C-PAP machine for more than two months. Filing 1 at 17. The constitutional obligation to provide medical care to those in custody may be violated when officials "intentionally deny[ ] or delay[ ] access to medical care or intentionally interfer[e] with the treatment once prescribed." *Estelle*, 429 U.S. at 104-05; *see also Langford v.*

6

*Norris*, 614 F.3d 445, 460 (8th Cir. 2010) ("[D]elays in treating painful medical conditions, even if not life-threatening, may support an Eighth Amendment claim.") (quotations omitted). Taking Plaintiff's allegations as true, and given the liberal construction afforded to pro se plaintiffs' pleadings, the Court concludes Plaintiff states an arguable Eighth Amendment deliberate indifference claim against Cordonier in his individual capacity. *See Briel v. Fields*, No. 12-CV-2868 JS ETB, 2013 WL 1833248, at *3 (E.D.N.Y. May 1, 2013) (finding prison officials' assignment of prisoner to top bunk without a ladder despite knowledge of prisoner's chronic back injuries and medical staff's recommendation for assignment to a bottom bunk stated Eighth Amendment deliberate indifference claim) (citing *Moses v. Shah*, No. 11–CV–3370, 2011 WL 5298599, at *2 (C.D. Ill. Nov. 2, 2011) (finding that a complaint that alleged that hospital staff refused to issue an inmate a low bunk permit notwithstanding a documented medical need stated a claim for deliberate indifference under the Eighth Amendment); *Naves v. Haley*, No. 3:11–CV–0153, 2011 WL 5833822, at *3 (D. Nev. Oct. 20, 2011) (finding that a complaint that alleged that a corrections officer assigned an inmate to a top bunk, despite his knowledge that the inmate frequently had violent dreams and fell out of bed, stated a claim for deliberate indifference under the Eighth Amendment), adopted by 2011 WL 5827210 (D. Nev. Nov. 18, 2011); *Gill v. Gilder*, No. 95-CV-7933, 1996 WL 103837, at *5 (S.D.N.Y. Mar. 8, 1996) (finding that a complaint that alleged that prison officials denied an inmate's request for special furniture to accommodate a back condition despite a documented medical need stated a claim for deliberate indifference under the Eighth Amendment)).

**D. Exhaustion of Remedies**

While outside the scope of initial review, the Court notes that the Prison Litigation Reform Act ("PLRA") requires state prisoners who wish to pursue a claim under § 1983 to exhaust their

administrative remedies. 42 U.S.C. § 1997e(a). Specifically, the PLRA provides: "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

This exhaustion requirement is a mandatory prerequisite to filing suit under 42 U.S.C. § 1983 or any other federal law. Porter v. Nussle, 534 U.S. 516, 524 (2002); *see also Jones v. Bock*, 549 U.S. 199, 211–12 (2007) (citing *Porter* and reiterating that "unexhausted claims cannot be brought in court"). In other words, exhaustion must occur prior to filing suit in federal court, and "[i]f exhaustion was not completed at the time of filing, dismissal is mandatory." *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003).

Here, Plaintiff alleged he filed a grievance using the "grievance of a sensitive nature process," but that grievance was returned to him unanswered because Madsen determined Plaintiff's grievance was not of a sensitive nature and should be addressed through the regular grievance process. Filing 1 at 7, 16. The PLRA requires "proper exhaustion," meaning an inmate must comply with prison grievance policy deadlines and other critical procedural rules. *Woodford v. Ngo*, 548 U.S. 81, 90–91, 93 (2006). Thus, the Complaint's allegations suggest that Plaintiff may have failed to properly exhaust his administrative remedies. However, "failure to exhaust is an affirmative defense under the PLRA, and . . . inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones*, 549 U.S. at 216; *see also Porter v. Sturm*, 781 F.3d 448, 451 (8th Cir. 2015) ("Nonexhaustion is an affirmative defense, and defendants have the burden of raising and proving the absence of exhaustion.").

So, while the Court will not consider Plaintiff's possible failure to exhaust administrative remedies on initial review, Plaintiff is cautioned that failure to exhaust may be a defense to his claim.

### IV.  CONCLUSION

Plaintiff's Complaint fails to state a plausible claim for relief against Devries and Madsen, and both defendants will be dismissed as parties to this action. Liberally construed, Plaintiff has alleged sufficient facts to state an arguable Eighth Amendment claim against Cordonier for deliberate indifference to Plaintiff's serious medical needs, and this claim will be permitted to proceed to service. However, the Court cautions Plaintiff that this is only a preliminary determination based on the allegations found within the Complaint. This is not a determination of the merits of Plaintiff's claims or potential defenses thereto.

IT IS THEREFORE ORDERED that:

1. This case shall proceed to service of process on the Eighth Amendment claim against defendant Cordonier for alleged deliberate indifference to Plaintiff's serious medical needs. All other claims and parties are dismissed without prejudice.

2. The Clerk of Court is directed to terminate Devries and Robert Madsen as defendants in this case and to update the caption to identify the sole defendant as "Michael Cordonier."[2]

3. For service of process on defendant Michael Cordonier in his individual capacity, the Clerk of Court is directed to complete two sets of summons and USM-285 forms for defendant. The service address for the first set of forms is:

>   Office of the Nebraska Attorney General
>   2115 State Capitol

---

[2] The State of Nebraska's online employee directory indicates "Michael Cordonier" is the only NDCS employee with that last name. *See* https://ne-phonebook.ne.gov/PhoneBook/welcome.xhtml (last visited Nov. 13, 2025).

> Lincoln, NE 68509.

The service address for the second set of forms is:

> Nebraska Department of Correctional Services
> Reception and Treatment Center
> 3218 West Van Dorn Street
> Lincoln, NE 68542.

4. The Clerk of the Court shall forward the summons forms and USM-285 forms together with sufficient copies of the Complaint, Filing 1, and this Memorandum and Order to the United States Marshals Service.

5. The Marshals Service shall serve defendant Michael Cordonier in his individual capacity by "leaving the summons at the office of the Attorney General with the Attorney General, deputy attorney general, or someone designated in writing by the Attorney General, or by certified mail or designated delivery service addressed to the office of the Attorney General." Neb. Rev. Stat. § 25-510.02(1) (prescribed method for serving the State of Nebraska or any state agency); *see also* Federal Rule of Civil Procedure 4(j)(2); Neb. Rev. Stat. § 25-511 ("Any employee of the state, as defined in section 81-8,210, sued in an individual capacity for an act or omission occurring in connection with duties performed on the state's behalf, regardless of whether the employee is also sued in an official capacity, must be served by serving the employee under section 25-508.01 and also by serving the state under section 25-510.02.").

6. The Marshals Service shall also serve defendant Michael Cordonier in his individual capacity by certified mail or other authorized method of service at the Nebraska Department of Correctional Services' address shown above. *See* Federal Rule of Civil Procedure 4(e); Neb. Rev. Stat. § 25-508.01 (prescribed method for serving an individual).

7.  For service by certified mail or designated delivery service, the Marshals Service shall serve Defendants within ten days of the Clerk of the Court issuing and forwarding the summons to the Marshals Service. *See* Neb. Rev. Stat. § 25-505.01(1).

8.  The United States Marshal shall serve all process in this case without prepayment of fees from Plaintiff.[3]

9.  Federal Rule of Civil Procedure 4(m) requires service of the complaint on a defendant within 90 days of filing the complaint. However, Plaintiff is granted, on the Court's own motion, an extension of time until 90 days from the date of this order to complete service of process.

10. Plaintiff is hereby notified that failure to obtain service of process on the Defendants within 90 days of the date of this order may result in dismissal of this matter without further notice. A defendant has 21 days after receipt of the summons to answer or otherwise respond to a complaint.

11. The Clerk of Court is directed to set a pro se case management deadline in this case with the following text: **February 17, 2026**: service of process to be completed.

12. The Clerk of Court is further directed to update Plaintiff's address to the Reception and Treatment Center address on file in Case No. 8:22CV151 and to send Plaintiff a copy of this Memorandum and Order to his updated address.

---

[3] Pro se litigants proceeding in forma pauperis are entitled to rely on service by the United States Marshals Service. *Wright v. First Student, Inc.*, 710 F.3d 782, 783 (8th Cir. 2013). Pursuant to 28 U.S.C. § 1915(d), in an in forma pauperis case, "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases." *See Moore v. Jackson*, 123 F.3d 1082, 1085 (8th Cir. 1997) (language in § 1915(d) is compulsory). *See, e.g., Beyer v. Pulaski County Jail*, 589 F. App'x 798 (8th Cir. 2014) (unpublished) (vacating district court order of dismissal for failure to prosecute and directing district court to order the Marshal to seek defendant's last-known contact information where plaintiff contended that the Jail would have information for defendant's whereabouts); *Graham v. Satkoski*, 51 F.3d 710, 713 (7th Cir. 1995) (when court instructs Marshal to serve papers for prisoner, prisoner need furnish no more than information necessary to identify defendant; Marshal should be able to ascertain defendant's current address).

13. Plaintiff shall keep the Court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal without further notice.

Dated this 18th day of November, 2025.

BY THE COURT:

Brian C. Buescher
United States District Judge